UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ************************************ | * CIVIL ACTION NO: |
| **U.S. Bank Trust, N.A., as Trustee for** | * |
| **LSF9 Master Participation Trust** | * |
| | * |
| | * |
| **Plaintiff** | * COMPLAINT |
| | * |
| **vs.** | * |
| | * |
| **Katherine B. Grover** | * |
| | * |
| **Defendant** | * |
| | * |
| **Maine Revenue Services; and** | * |
| **Finance Authority of Maine** | * |
| | * |
| **Parties-In-Interest** | * |
| *************************************** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendant, Katherine B. Grover, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651 any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant is the obligor and the total amount owed under the terms of the promissory note is in excess two hundred sixteen thousand, seven hundred seventy-six and 78/100 ($216,776.78) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.      Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

## PARTIES

4.      U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134

5.      The Defendant, Katherine B. Grover, who, upon information and belief, resides at 68 Cat Mousam Road, Kennebunk, ME 04043

6.      The Party-In-Interest, Maine Revenue Services, is located at 111 Sewell Street, 6th Floor, Augusta, ME 04333.

7.      The Party-in-Interest, Finance Authority of Maine, is located at 5 Community Drive, Augusta, ME 04332.

## FACTS

8.     On August 3, 1995, by virtue of a Warranty Deed from Sandra E. Noble f/k/a Sandra E. Sprague, recorded in the York County Registry of Deeds in **Book 7502, Page 334,** the property situated at 68 Cat Mousam Road, Kennebunk, County of York, and State of Maine, was conveyed to the Defendant Katherine B. Grover, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9.     On February 2, 2004, the Defendant Katherine B. Grover executed and delivered, under seal, to Champion Mortgage, a Division of Key Bank, USA, National Association, a certain Adjustable Rate Note in the amount of $160,000.00 (herein after referred to as the "Note"). *See* Exhibit B (a true and correct copy of the Adjustable Rate Note is attached hereto and incorporated herein).

10.    To secure the loan obligation, on February 2, 2004, the Defendant Katherine B. Grover executed a Mortgage Deed securing the Property in favor of Champion Mortgage, a Division of Key Bank, USA, National Association, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 13924, Page 228** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11.    Having failed to make the August 6, 2009, payment and all subsequent payments due under the terms of the Note, the Defendant is presently in default under the terms set forth therein.

12.     The Mortgage was then assigned to Beneficial Maine Inc. by virtue of an Assignment of Mortgage/Deed of Trust dated November 29, 2006, and recorded in the York County Registry of Deeds in **Book 15103, Page 915** (herein referred to as the "Maine Assignment")**,** as corrected by the Corrective Corporate Assignment of Mortgage dated January 30, 2013, and recorded in the York County Registry of Deeds in **Book 16536, Page 773** (herein referred to as the "Corrective Maine Assignment"). *See* Exhibits D and E (true and correct copies of the Maine Assignment and the Corrective Maine Assignment are attached hereto and incorporated herein).

13.     The Mortgage was then further assigned to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by virtue of and Assignment of Mortgage/Deed of Trust dated December 31, 2014, and recorded in the York County Registry of Deeds in **Book 16962, Page 940** (herein after referred to as the "U.S. Assignment"). *See* Exhibit F (a true and correct copy of the U.S. Assignment is attached hereto and incorporated herein.)

14.     On February 29, 2016, the Defendant, Katherine B. Grover, was sent a Notice of Mortgagor's Right to Cure letter, as evidenced by a Certificate of Mailing. *See* Exhibit G (a true and correct copy of the Notice of Mortgagor's Right to Cure letter is attached hereto and incorporated herein.)

15.     The Notice of Mortgagor's Right to Cure informed the Defendant of the payment due August 6, 2009; the total amount necessary to cure the default and the deadline by which the default must be cured not more than thirty-five (35) days from the receipt Notice.  *See* Exhibit G.

16.     The Defendant failed to cure the default prior to the expiration of the Notice of Mortgagor's Right to Cure.

17.     The Defendant, Katherine B. Grover, is not in the Military as evidenced by the attached

         Exhibit H.

18.     Upon information and belief, the Defendant, Katherine B. Grover, is presently in

         possession of the Property originally secured by the Mortgage.

19.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present

         holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. §

         3-1201, *et seq.*, 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20.     U.S. Bank Trust, N.A., as Trustee for the LSF9 Master Participation Trust is the lawful

         holder and owner of the Note and Mortgage.

21.     The total debt owed under the Note and Mortgage as of June 24, 2016, if no payments

         are made, is two hundred sixteen thousand, seven hundred seventy-six and 78/100

         ($216,776.78) dollars, which includes unpaid principal in the amount of one hundred

         forty-seven thousand and 91/100 ($147,750.91) dollars; interest in the amount of

         thirty-five thousand, one hundred forty-eight and 64/100 ($35,148.64) dollars;

         Escrow/Impound Required in the amount of seven thousand, eight hundred eighty-

         one and 04/100 ($7,881.04) dollars; Late Charges Due in the amount of one thousand,

         nine hundred eleven and 56/100 ($1,911.56) dollars; and Total Advances in the amount

         of twenty-four thousand, eighty-four and 63/100 ($24,084.63) dollars; plus foreclosure

         fees and costs which continue to accrue daily.

22.     Upon information and belief, the Defendant, Katherine B. Grover, is presently in

         possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-

         alleges paragraphs 1 through 22 as if fully set forth herein.

24.   This is an action for foreclosure and sale respecting real estate located at 68 Cat Mousam Road, Kennebunk, County of York, and State of Maine. *See* Exhibit A.

25.   The Plaintiff is the holder of the Note reference in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statuses and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff has the right to foreclosure upon subject property.

26.   U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the current owner and investor of the aforesaid Note and Mortgage.

27.   The Defendant, Katherine B. Grover, is presently default on said Note and Mortgage, having failed to make the monthly payment due August 6, 2009, all subsequent payments, and, therefore, has breached the conditions of the aforesaid Note and Mortgage.

28.   The total debt owed under the Note and Mortgage as of June 24, 2016, if no payments are made, is two hundred sixteen thousand, seven hundred seventy-six and 78/100 ($216,776.78) dollars, which includes unpaid principal in the amount of one hundred forty-seven thousand and 91/100 ($147,750.91) dollars; interest in the amount of thirty-five thousand, one hundred forty-eight and 64/100 ($35,148.64) dollars; Escrow/Impound Required in the amount of seven thousand, eight hundred eighty-one and 04/100 ($7,881.04) dollars; Late Charges Due in the amount of one thousand, nine hundred eleven and 56/100 ($1,911.56) dollars; and Total Advances in the amount of twenty-four thousand, eighty-four and 63/100 ($24,084.63) dollars; plus foreclosure fees and costs which continue to accrue daily.

## COUNT II – BREACH OF NOTE

29. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. On February 2, 2004, the Defendant, Katherine B. Grover executed and delivered, under seal, the Note in favor of Champion Mortgage, a Division of Keybank, USA, National Association, in the amount of $160,000.00. *See* Exhibit B.

31. To secure this obligation, Katherine B. Grover executed the Mortgage. *See* Exhibit C.

32. The Defendant, Katherine B. Grover, is in default under the terms of the Note for failure to properly tender the August 6, 2009, payment and all subsequent payments.

33. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

34. The Defendant, Katherine B. Grover, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and Mortgage.

35. The Defendant's breach is knowing, willful and continuing.

36. The Defendant's breach has caused U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of June 24, 2016, if no payments are made, is two hundred sixteen thousand, seven hundred seventy-six and 78/100 ($216,776.78) dollars, which includes unpaid principal in the amount of one hundred forty-seven thousand and 91/100 ($147,750.91) dollars; interest in the amount of thirty-five thousand, one hundred forty-eight and 64/100 ($35,148.64) dollars; Escrow/Impound Required in the amount of seven thousand, eight hundred eighty-one and 04/100 ($7,881.04) dollars; Late Charges Due in the amount of one thousand,

nine hundred eleven and 56/100 ($1,911.56) dollars; and Total Advances in the amount of twenty-four thousand, eighty-four and 63/100 ($24,084.63) dollars; plus foreclosure fees and costs which continue to accrue daily.

38. Injustice can only be avoided by awarding damages for the total amount owed under the Grover Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, Defendant Katherine B. Grover entered into a written contract with Champion Mortgage, a Division of Key Bank, USA, National Association where Champion Mortgage, a Division of Key Bank, USA, National Association agreed to loan the amount of $160,000.00 to Defendant Katherine B. Grover. *See* Exhibit B.

41. As part of this contract and transaction, Defendant Katherine B. Grover executed the Mortgage to secure the Note and the subject property.

42. At the closing of the Note, a cash disbursement in the amount of $160,000.00 was made to Defendant Katherine B. Grover *See* Exhibit B.

43. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the proper holder of the Grover Note and successor in interest to Champion Mortgage, a Division of Key Bank, USA, National Association, and has performed its obligations under the Note and Mortgage.

44.     The Defendant, Katherine B. Grover, breached the terms of the Note and Mortgage by failing to properly tender the August 6, 2009, payment and all subsequent payments. *See* Exhibit G.

45.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as successor-in-interest to Champion Mortgage, a Division of Key Bank, USA, National Association, and proper holder of the Note, is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

46.     The Defendant, Katherine B. Grover, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47.     The Defendant is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money lent by Champion Mortgage, a Division of Key Bank, USA, National Association, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to Defendant Katherine B. Grover.

48.     The Defendant's breach is knowing, willful and continuing.

49.     The Defendant's breach has caused U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

50.     The total debt owed under the Note and Mortgage as of June 24, 2016, if no payments are made, is two hundred sixteen thousand, seven hundred seventy-six and 78/100 ($216,776.78) dollars, which includes unpaid principal in the amount of one hundred forty-seven thousand and 91/100 ($147,750.91) dollars; interest in the amount of thirty-five thousand, one hundred forty-eight and 64/100 ($35,148.64) dollars; Escrow/Impound Required in the amount of seven thousand, eight hundred eighty-one and 04/100 ($7,881.04) dollars; Late Charges Due in the amount of one thousand,

nine hundred eleven and 56/100 ($1,911.56) dollars; and Total Advances in the amount of twenty-four thousand, eighty-four and 63/100 ($24,084.63) dollars; plus foreclosure fees and costs which continue to accrue daily.

51.     Injustice can only be avoided by awarding damages for the total amount owed under the Grover Note and had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53.     Champion Mortgage, a Division of Key Bank, USA, National Association, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Katherine B. Grover $160,000.00.  *See* Exhibit B.

54.     As a result of the Defendant's failure to perform under the terms of the Note, the Defendant has been unjustly enriched at the expense of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

55.     As such, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

56.     U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

57.     Champion Mortgage, a Division of Key Bank, USA, National Association, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, lent Katherine B. Grover $160,000.00 in exchange for a secured interest in the subject Property.  *See* Exhibit B.

58.     The Defendant, Katherine B. Grover, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59.     As a result, the Defendant has been unjustly enriched to the detriment of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as successor-in-interest to Champion Mortgage, a Division of Key Bank, USA, National Association, by having received the aforesaid benefits and money and not repaying said benefits and money.

60.     As such, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a)     Find that the Defendant is in breach of the Note by failing to make payment due as of August 6, 2009, and all subsequent payments;

b)     Find that Defendant Katherine B. Grover entered into a contract for a sum certain in exchange for a security interest in the subject Property;

c)     Find that the Defendant Katherine B. Grover is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due as of August 6, 2009, and all subsequent payments;

d)     Find that Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

e)     Find that by virtue of the Note, the Defendant has been unjustly enriched at Plaintiff's expense;

f)     Find that such unjust enrichment entitles Plaintiff to restitution;

g)      Find that the Defendant appreciated and retained the benefit of the Grover Note and Grover Mortgage;

h)      Find that it would be inequitable for the Defendant to continue to appreciate and retain the benefit of the Note and Mortgage without recompensing the appropriate value;

i)      Find that Plaintiff is entitled to restitution for this benefit from the Defendant;

j)      Determine the amount due on said Note and Mortgage, including principal, interest, reasonable attorney's fees and court costs;

k)      Additionally, issue a money judgment against the Defendant, Katherine B. Grover, and in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust , in the amount of two hundred sixteen thousand, seven hundred seventy-six and 78/100 ($216,776.78) dollars, the total debt owned under the note plus interest and costs, including attorney's fees and costs; and

l)      For such other and further relief as this Honorable Court deems just and equitable.


                               Respectfully Submitted,
                               U.S. Bank Trust, N.A., as Trustee for LSF9 Master
                               Participation Trust,
                               By its attorneys,

Dated: July 29, 2016                    /s/ John A. Doonan
                               John Doonan, Esq. (BBO# 3250)
                               Doonan, Graves & Longoria, LLC
                               100 Cummings Center Suite 225D
                               Beverly, MA 01915
                               Tel. (978) 921-2670