UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., <br> as Trustee for LSF9 Master <br> Participation Trust, <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE B. GROVER, <br><br> Defendant, <br><br> and <br><br> MAINE REVENUE <br> SERVICES and FINANCE <br> AUTHORITY OF MAINE <br><br> Parties-in-Interest. | 2:16-cv-00395-JDL |

## JUDGMENT OF FORECLOSURE AND SALE

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on May 11, 2017. Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, was present and represented by John A. Doonan, Esq. Defendant Katherine B. Grover, Party-in-Interest Maine Revenue Services, and Party-in-Interest Finance Authority of Maine, did not appear. Nine (9) exhibits were introduced into evidence. Ms. Maria Rosario Curtis testified.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment (ECF No. 17) is **GRANTED**. Count II – Breach of Note, Count III- Breach of Contract, Money Had

and Received, Count IV – Quantum Meruit, and Count V – Unjust Enrichment, are hereby **DIMISSED** without prejudice at the request of the Plaintiff. Judgment on Count I – Foreclosure, is hereby **ENTERED** as follows:

1.  If the Defendant or her heirs or assigns pays U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") the amount adjudged due and owing ($223,756.78) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, U.S. Bank shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket.

2.  If the Defendant or her heirs or assigns does not pay U.S. Bank the amount adjudged due and owing ($223,756.78) within 90 days of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, her remaining rights to possession of the Kennebunk Property shall terminate, and U.S. Bank shall conduct a public sale of the Kennebunk Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $223,756.78 after deducting the expenses of the sale, with any surplus to be disbursed pursuant to Paragraph 5 of this Judgment, and in accordance with 14 M.R.S.A. § 6324.

3.  Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk shall sign a certification after the appeal period of 30 days has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

4.  The amount due in owing is $223,756.78

5.  The priority of interests, as stipulated to by Plaintiff U.S. Bank and Parties-in-Interests Maine Revenue Services and Finance Authority of Maine, is as follows:

a) U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust has first priority pursuant to the subject Note and Mortgage.

b) Maine Revenue Services has the second priority behind the Plaintiff pursuant to a Notice of State Tax Lien dated September 18, 2007, in the amount of $5,913.12, and recorded in the York County Registry of Deeds in Book 15259, Page 844.

c) Maine Revenue Services has the third priority behind the Plaintiff pursuant to a Notice of State Tax Lien dated December 31, 2008, in the amount of $4,431.68, and recorded in the York County Registry of Deeds in Book 15539, Page 474.

d) Maine Revenue Services has the fourth priority behind the Plaintiff pursuant to a Notice of State Tax Lien dated April 25, 2010, in the amount of $670.39, and recorded in the York County Registry of Deeds in Book 15853, Page 553.

e) Finance Authority of Maine has the fifth priority behind the Plaintiff pursuant to a Writ of Execution in the amount of $25,919.08, dated May 14, 2010, and recorded in the York County Registry of Deeds in Book 15902, Page 43.

f) Maine Revenue Services has the sixth priority behind the Plaintiff pursuant to a Notice of State Tax Lien dated May 28, 2013, in the amount $4,389.06, and recorded in the York County Registry of Deeds in Book 16609, Page 929.

g) Maine Revenue Services has the seventh priority behind the Plaintiff pursuant to a Notice of State Tax Lien dated December 14, 2014, in the amount of $1,259.46, and recorded in the York County Registry of Deeds Book 16940, Page 825.

h) Katherine B. Grover has the eighth priority behind the Plaintiff.

6. No public utility easements survive the foreclosure.

7. Pre- and post-judgment interest is available at the rates defined in 14 M.R.S.A. § 1602-B and 14 M.R.S.A. § 1602-C, respectively.

8. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

   a. The Plaintiff is:             Plaintiff's Counsel is:

   U.S. Bank Trust, N.A., as      John A. Doonan, Esq.
   Trustee for LSF9 Master       Doonan, Graves & Longoria, LLC
   Participation Trust             100 Cummings Center, Suite 225D
                                                 Beverly, Massachusetts 01915

   b. The Defendant, who is not represented by counsel, is:

   Katherine B. Grover
   68 Cat Mousam Road
   Kennebunk, Maine 04043

   c. The Parties-in-Interest:        Parties-in-Interest Counsel:

   Maine Revenue Services        Kevin J. Crosman, Esq.
   51 Commerce Drive            Assistant Attorney General
   Augusta, Maine 04330          Maine Attorney General's Office
                                                 111 Sewell Street, 6th Floor
                                                 Augusta, Maine 04333

   Finance Authority of Maine     Christopher H. Roney, Esq.
   5 Community Drive            Law Office of Christopher Roney
   Augusta, Maine 04332          5 Community Drive
                                                 P.O. Box 949
                                                 Augusta, Maine 04330

   d. The docket number of this case is No. 2:16-cv-00395-JDL.

e. All parties to this proceeding received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

f. A description of the real estate involved, 68 Cat Mousam Road, Kennebunk, Maine 04043, is set forth in Exhibit A to the Judgment herein.

g. The street address of the real estate involved is 68 Cat Mousam Road, Kennebunk, Maine 04043. The Mortgage was executed by the Defendant on February 2, 2004. The book and page number of the Mortgage in the York County Registry of Deeds is Book 13924, Page 228.

**SO ORDERED.**

**Dated this 21st day of June 2017**

                                                        **/s/ JON D. LEVY**
                                              **U.S. DISTRICT JUDGE**